1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| ANGELA LUGO and ANDREW BRYNILDSON, individually and on behalf of all others similarly situated, | Case No. |
| | CLASS ACTION COMPLAINT |
| Plaintiffs, | JURY DEMAND |
| v. | |
| AMAZON.COM, INC. | |
| Defendant. | |

Plaintiffs Angela Lugo and Andrew Brynildson, individually and on behalf of all others similarly situated, by and through their attorneys, make the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to allegations specifically pertaining to themselves, which are based on personal knowledge.

## NATURE OF THE ACTION

1.      This is a class action suit brought against Defendant Amazon.com Inc. ("Amazon" or "Defendant") for its unlawful retention of Plaintiffs' and its other New York and Minnesota customers' personally identifiable information, including their names, addresses, credit card information, and video rental history in violation of the New York Video Consumer Privacy Act, N.Y. General Business Law ("GBL") §§ 670-675 ("NYVCPA") and Minnesota's M.S.A. § 325I.01-03 (the "Minnesota Statute").

2.      Amazon is a leading technology company that rents videos for streaming to consumers through its Amazon Prime Video platform.

3.      Amazon maintains a digital record system that details the rental histories of every customer that rents a video from Amazon.

4.      Amazon also maintains records containing its customers' billing addresses.

5.      As a result, Amazon maintains a digital dossier on millions of consumers throughout New York and Minnesota.  These records contain not only its customers' credit card numbers and billing/contact information, but also a detailed account of its customers' video rental histories.

6.      In recognition of the fact that companies who rent digital media – like Amazon – must collect certain confidential and sensitive consumer information with respect to personal viewing habits, New York and Minnesota law requires such companies to "destroy personally identifiable information as soon as practicable."  GBL § 673(5); M.S.A. § 325I.02(6).

7.      However, in direct contravention of the protections afforded to New York and Minnesota consumers under the NYVCPA and the Minnesota Statute § 325I.02(6), Amazon maintains and stores its customers' names, credit card numbers, billing and contact information, and most importantly, sensitive video rental histories for an indefinite period of time.

8.      Accordingly, Amazon has knowingly retained the "personally identifiable information" and sensitive video rental histories of millions of New York and Minnesota consumers, in violation of New York and Minnesota law.

9.      Plaintiffs bring this action on behalf of themselves and two separate classes of all people in New York and Minnesota whose personally identifiable information and sensitive video rental histories were retained by Amazon.

## THE PARTIES

10.     Plaintiff Angela Lugo lives and is domiciled in Rochester, New York.

11.     Ms. Lugo has an Amazon account and has rented videos through that account.

12.     In January 2020, Ms. Lugo rented movies from Amazon.

13.     In connection with that rental, Amazon collected Ms. Lugo's name, address, and credit card information.

14.     As of at least June 28, 2022, Ms. Lugo's account history still displayed the titles of the videos she rented, as well as the date she rented it and the price she paid for it.

15.     Plaintiff Andrew Brynildson lives and is domiciled in Minneapolis, Minnesota.

16.     Mr. Brynildson has an Amazon account and has rented videos through that account.

17.     In March 2021, Mr. Brynildson rented movies from Amazon.

18.     In connection with that rental, Amazon collected Mr. Brynildson's name, address, and credit card information.

19.     As of at least June 22, 2022, Mr. Brynildson's account history still displayed the titles of the videos he rented, as well as the date he rented it and the price he paid for it.

20.     Defendant Amazon Inc. is a Delaware corporation with its headquarters in Seattle, Washington.  Amazon does business throughout New York and Minnesota.

## JURISDICTION AND VENUE

21.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class

1   are in excess of $5,000,000.00, exclusive of interest and costs, and at least one member of the

2   proposed class is a citizen of a state different from Defendant.

3         22.    This Court has personal jurisdiction over Defendant because Defendant has

4   purposefully availed itself of the laws and benefits of doing business in this State, and Plaintiffs'

5   claims arise out of each of Defendant's forum-related activities.  Furthermore, a substantial portion

6   of the events giving rise to Plaintiff's claims occurred in this District.

7         23.    Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because

8   a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this

9   District.

10   **STATEMENT OF FACTS**

11   ***The Federal Video Privacy Protection Act and Digital Dossiers***

12         24.    The desire to keep video rental history records private led Congress to enact the

13   Video Privacy Protection Act of 1988, 18 U.S.C. § 2710 ("VPPA").  Inspired by the release of

14   video rental records of Supreme Court Justice Nominee Robert H. Bork and his family, Congress

15   promulgated the Act to explicitly preserve United States citizens' right to privacy in their video

16   rental histories.

17         25.    When the VPPA was introduced, Senator Paul Simon noted that:

> There is no denying that the computer age has revolutionized our world.  Over the past 20 years we have seen remarkable changes in the way each one of us goes about our lives.  Our children learn through computers.  We bank by machine.  We watch movies in our living rooms.  These technological innovations are exciting and as a nation we should be proud of the accomplishments we have made.  Yet, as we continue to move ahead, we must protect time honored values that are so central to this society, particularly our right to privacy.  The advent of the computer means not only that we can be more efficient than ever before, but that we have the ability to be more intrusive than ever before.  *Every day Americans are forced to provide to businesses and others personal information without having any control over where that information goes.  These records are a window into our loves, likes, and dislikes.*

S. Rep. No. 100-599 at 7-8 (1988) (emphasis added).

26         26.    One of the original drafters of the VPPA, Senator Patrick Leahy, remarked that "the

27   trail of information generated by every transaction is now recorded and stored in sophisticated

28

CLASS ACTION COMPLAINT
CASE NO.

BURSOR & FISHER, P.A.
888 SEVENTH AVENUE
NEW YORK, NY 10019

record-keeping systems is a new, more subtle and pervasive form of surveillance." S. Rep. No. 100-599 at 8 (1988).

27.     In recognition of the sensitivity of the video renting information, the VPPA requires video tape service providers, like Amazon, to destroy "personally identifiable information as soon as practicable, but no later than one year from the date the information is no longer necessary for the purpose for which it was collected … ." 18 U.S.C. § 2710(e).

28.     However, the VPPA differs from the NYVCPA and Minnesota Statute § 325I.02(6) in that it only provides a private right of action for the wrongful *disclosure* of personally identifiable information, and not failure to destroy it. *See* 18 U.S.C. § 2710(c) (providing private right of action for a "violation of this section" immediately after the disclosure prohibitions in section (b), but not listing the destruction requirements until section (e)).

### *The New York Video Consumer Privacy Act and Minnesota Statute § 325I.02(6)*

29.     On the heels of Congress having passed the VPPA, the New York Legislature passed the NYVCPA in 1993 "to protect the personal privacy of individuals and their families who rent video cassette tapes and movies and similar audio visual materials." GBL § 671.

30.     In his sponsor memorandum, Assemblyman Anthony J. Genovesi noted:

> Video lists have enormous commercial utility, which adds to the likelihood that an individual's entertainment preferences will be disclosed. Mailing lists are easily devised based on categorizing an individual's viewing habits as documented by video retail establishments' records. For example, catalog companies and direct mail sales companies are naturally interested in obtaining lists of people who rent children's films, physical fitness films, adventure films, or adult films.

Exhibit A, Sponsor Memo at 3.

31.     In furtherance of those concerns, like the VPPA, the NYVCPA requires that video tape service provides, like Defendant, "destroy personally identifiable information as soon as practicable, but no later than one year from the date the information is no longer necessary for the purpose for which it was collected … ." GBL § 673(5).

32.     However, unlike the VPPA, the NYVCPA explicitly provides a private right of

action to enforce that statutory requirement. *See* GBL § 675(1).

33.     Specifically, under the NYVCPA, the private right of action is located at the end of the Act and extends to all "violation[s] of this *article*," which refers to Article 32 of the General Business Law, *i.e.*, the NYVCPA.

34.     This deviation from the VPPA is not an accident.  Indeed, Assemblyman Genovesi specifically noted in his sponsor memorandum that due to the shortcomings of the VPPA, "a separate state law is needed in New York to give her citizens meaningful protection from unwanted intrusions." Ex. A, Sponsor Memo at 3.

35.     Minnesota's law governing video rental records are similar to the NYVCPA.

36.     Minnesota law has the same language found in the NYVCPA, requiring video tape service provides, like Defendant, to "destroy personally identifiable information as soon as practicable, but no later than one year from the date the information is no longer necessary for the purpose for which it was collected … ."  M.S.A. § 325I.02(6).

37.     And, like NYVCPA, the Minnesota Statute explicitly provides a private right of action to enforce that statutory requirement.  *See id.* at § 325I.03.

38.     Specifically, under the Minnesota Statute, "a consumer who prevails or substantially prevails in an action brought under this section is entitled to a minimum of $500 in damages, *regardless of the amount of actual damage proved*, plus costs, disbursements, and reasonable attorney fees."  *Id.* (emphasis added).

39.     As a result, by its plain terms, Minnesota Statute § 325I.03 affords greater protections than does VPPA.

### *A Brief Overview of Renting Videos From Amazon*

40.     Amazon allows consumers to rent videos to instantly stream on their devices.

41.     Consumers must first create an account with Amazon which requires them to input their name, date of birth, email address, billing address, and credit card information.

42.     After creating an Amazon account, renting a video through Amazon is a four-step process.  First, the customer logs onto Amazon by entering her username and password.  Second,

the customer searches Amazon's selections by using its interface.  Third, after the customer

identifies a video that she wishes to rent, the customer clicks on that video.  Fourth, the page for the

video will present the option to rent or buy the video.  If a customer clicks the "rent" button,

Amazon will charge the credit card on file with the Amazon account and the video will be

available for streaming for a limited period of time.[1]

43.     The customer must watch the video within 30 days of the rental and has 48 hours

from first viewing the video to complete it.

44.     After 30 days of the rental, or after 48 hours from first viewing the video, whichever

comes earlier, the video is no longer accessible to the customer.

45.     At no time does Amazon obtain the consent of its customers to retain their

personally identifiable information beyond the period permitted by law.

46.     Amazon requires customers to use only credit or debit cards to rent videos from

Amazon.

47.     All rental transactions are final.

48.     Amazon will only offer a refund for a video rental within 48 hours of purchase, and

only if the customer has not started watching the rental.

***Amazon Systematically Violates the NYVCPA and Minnesota Statute § 325I.02(6)***

49.     With every rental transaction, Amazon collects, stores, and maintains its customers'

name, credit and debit card information, billing address, and video rental history for an indefinite

period of time.

50.     The video rental histories that Amazon stores include every video that the customer

has ever rented from Amazon, as well as information which identifies the customer as having

requested or obtained specific video materials or services.

51.     In light of the fact that its customers' rental transactions are necessarily completed

within 30 days from the date of rental, and given Amazon's policy not to provide refunds for

charges after 48 hours, Amazon systematically violates New York law by storing and maintaining

---

[1] Depending on a customer's account settings, a customer may need to input a five-digit security
pin to complete the rental.

1   its customers' "personally identifiable information," as that term is defined by the statutes, for

2   longer than 30 days, or at the very least, for longer than one year.

3                              **CLASS ACTION ALLEGATIONS**

4          52.    Plaintiff Lugo seeks to represent a class of all New York residents who (a) rented a

5   video from Amazon wherein (b) Amazon retained for more than 30 days their personally

6   identifiable information, including information that identifies the person as having requested or

7   obtained specific video materials or services, and (c) retains the personal identifiable information

8   without their consent.

9          53.    Plaintiff Brynildson seeks to represent a class of all Minnesota residents who (a)

10  rented a video from Amazon wherein (b) Amazon retained for more than 30 days their personally

11  identifiable information, including information that identifies the person as having requested or

12  obtained specific video materials or services, and (c) retains the personal identifiable information

13  without their consent.

14         54.    Members of the Classes are so numerous that their individual joinder herein is

15  impracticable.  On information and belief, members of the Classes number in the millions.  The

16  precise number of Class members and their identities are unknown to Plaintiffs at this time but may

17  be determined through discovery.  Class members may be notified of the pendency of this action

18  by mail and/or publication through the distribution records of Defendant.

19         55.    Common questions of law and fact exist as to all Class members and predominate

20  over questions affecting only individual Class members.  Common legal and factual questions

21  include, but are not limited to, whether Defendant has violated New York or Minnesota law by

22  storing and maintaining personally identifiable information, including video rental histories for

23  longer than 30 days; and whether Class members are entitled to statutory damages for the

24  aforementioned violations.

25         56.    The claims of the named Plaintiffs are typical of the claims of the Classes because

26  the named Plaintiffs, like all other Class members, rented videos from Defendant and had their

27  personally identifiable information, including video rental histories stored and maintained by

28

CLASS ACTION COMPLAINT                                          BURSOR & FISHER, P.A.
CASE NO.                                                        888 SEVENTH AVENUE
                                                                NEW YORK, NY 10019

Defendant for longer than 30 days.

57.    Plaintiffs are adequate class representatives because their interests do not conflict with the interests of the Class members they seek to represent, they have retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiffs and their counsel.

58.    The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

59.    Plaintiffs bring their claims in this action individually and on behalf of members of the Classes against Defendant.

<u>**COUNT I**</u>
**Violation of the New York Video Consumer Privacy Act,**
**N.Y. GBL §§ 670-675**

60.    Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

61.    Plaintiff Lugo brings this claim individually and on behalf of the members of the proposed New York Class against Defendant.

62.    Amazon is a "video tape service provider" as defined by the NYVCPA, because it "[e]nage[s] in the business of rental of prerecorded video cassette tapes or similar audio visual

materials." GBL § 672(4).

63.     Plaintiff Lugo is a "consumer" as defined by the NYVCPA, because she is a "renter … of goods or services from a video tape service provider." GBL § 672(1).

64.     The NYVCPA requires video tape service providers "destroy personally identifiable information as soon as practicable, but no later than one year from the date the information is no longer necessary for the purpose for which it was collected … ." GBL § 673(5).

65.     The NYVCPA defines "personally identifiable information" as "any information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider." GBL § 672(1).

66.     As Amazon's customer video rental transactions are completed within 30 days of the rental (as the video is no longer accessible to the customer after that time), and Amazon does not provide refunds for charges that are more than 48 hours old, it is not necessary for Amazon to store and maintain Plaintiff Lugo's and the Class's personally identifiable information and personal video rental histories for longer than 30 days.

67.     Accordingly, and in violation of GBL § 673(5), Amazon has failed to destroy its customers' personally identifiable information as soon as practicable after it was no longer necessary for the purpose for which it was collected.

68.     Nonetheless, Amazon has stored and maintained Plaintiff Lugo's personally identifiable information, as that term is defined by the NYVCPA, for well over 30 days since she rented a video from Amazon.

69.     Further, Amazon does not have a policy in place to timely destroy "personally identifiable information," as required by the NYVCPA.

70.     Pursuant to GBL § 675, Plaintiff Lugo and the Class have been injured by the violations of GBL § 673(5), and seek damages of not less than $500 each, regardless of the amount of actual damage proved, plus costs, disbursements, and reasonable attorneys' fees.

**COUNT II**
**Violation Minnesota Statute M.S.A. § 325I.01-03**

71.     Plaintiffs repeat the allegations contained in the foregoing paragraphs as if fully set forth herein.

72.     Plaintiff Brynildson brings this claim individually and on behalf of the members of the proposed Minnesota Class against Defendant.

73.     Defendant is a "videotape service provider" as defined by M.S.A. § 325I01(5), because it "[e]nage[s] in the business of rental of prerecorded videocassette tapes or similar audiovisual materials."

74.     Plaintiff Brynildson is a "consumer" within the meaning of the statute because he is a "renter … of goods or services from a videotape service provider." *Id.* at § 325I01(2).

75.     The Minnesota Statute requires video tape service providers "destroy personally identifiable information as soon as practicable, but no later than one year from the date the information is no longer necessary for the purpose for which it was collected … ."  M.S.A. § 325I02(6).

76.     The Minnesota Statute defines "personally identifiable information" as "information that identifies a person as having requested or obtained specific video materials or services from a videotape service provider." M.S.A. § 325I01(3).

77.     As Amazon's customer video rental transactions are completed within 30 days of the rental (as the video is no longer accessible to the customer after that time), and Amazon does not provide refunds for charges that are more than 48 hours old, it is not necessary for Amazon to store and maintain Plaintiff Brynildson's and the Class's personally identifiable information and personal video rental histories for longer than 30 days.

78.     Accordingly, and in violation of Minnesota law, Defendant has failed to destroy its customers' personally identifiable information as soon as practicable after it was no longer necessary for the purpose for which it was collected.

79.     Nonetheless, Defendant has stored and maintained Plaintiff Brynildson's personally identifiable information for well over 30 days since he rented a video from Defendant.

CLASS ACTION COMPLAINT
CASE NO.

BURSOR & FISHER, P.A.
888 SEVENTH AVENUE
NEW YORK, NY 10019

80.     Further, Defendant does not have a policy in place to timely destroy "personally identifiable information," as required by Minnesota law.

81.     Plaintiff Brynildson and the Minnesota Class have been injured by the violations of M.S.A. § 325I01, and seek damages of not less than $500 each, regardless of the amount of actual damage proved, plus costs, disbursements, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seek judgment against Defendant, as follows:

a.     Determining that this action is a proper class action;

b.     For an order certifying the Class, naming Plaintiffs as the representatives of the Classes, and naming Plaintiffs' attorneys as Class Counsel;

c.     For an order declaring that the Defendant's conduct violates the statute referenced herein;

d.     For an order finding in favor of Plaintiffs and the Class;

e.     For statutory damages in amounts to be determined by the Court and/or jury;

f.     For prejudgment interest on all amounts awarded;

g.     For an order awarding Plaintiffs and the Class their reasonable attorneys' fees and disbursements, expenses, and costs of suit.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demands a trial by jury of all issues so triable.

Dated: September 1, 2022                    Respectfully submitted,

                                           **CARSON NOEL PLLC**
                                           By:_____/s/ Wright A. Noel___
                                                        Wright A. Noel

                                           Wright A. Noel (State Bar No. 25264)
                                           20 Sixth Avenue NE
                                           Issaquah, WA 98027
                                           Telephone: (425) 837-4717
                                           Facsimile: (425) 837-5396
                                           Email: wright@carsonnoel.co]

                                           *Local Counsel for Plaintiffs and the Putative Class*

                                           **BURSOR & FISHER, P.A.**
                                           By:_____/s/ Philip L. Fraietta_____
                                                        Philip L. Fraietta

                                           Philip L. Fraietta *
                                           888 Seventh Avenue
                                           New York, NY  10019
                                           Telephone:  (646) 837-7150
                                           Facsimile:  (212) 989-9163
                                           Email: pfraietta@bursor.com

                                           **BURSOR & FISHER, P.A.**
                                           Joel D. Smith *
                                           1990 North California Boulevard, Suite 940
                                           Walnut Creek, CA  94596
                                           Telephone:  (925) 300-4455
                                           Facsimile:  (925) 407-2700
                                           Email: jsmith@bursor.com

                                           **BURSOR & FISHER, P.A.**
                                           Christopher Reilly *
                                           701 Brickell Ave, Suite 1420
                                           Miami, FL  33131
                                           Telephone:  (305) 330-5512
                                           Email: creilly@bursor.com


                                           *\* Pro Hac Vice Application Forthcoming*
                                           *Attorneys for Plaintiffs and the Putative Class*

---

CLASS ACTION COMPLAINT                                      BURSOR & FISHER, P.A.
CASE NO.                                                    888 SEVENTH AVENUE
                                                           NEW YORK, NY 10019